WaRDíaw, J.
I concur in the result of this case. I do not feel the force of the observation, that the appellees here are *204 executors, and therefore representatives of all the legatees. The very question of the case is, whether they are executors. In all testamentary causes like this, the tribunal which tries, no matter what the form of its organization, is in fact a Court of Probates, exercising ecclesiastical jurisdiction; the issue to be decided is whether the instrument propounded has been proved as a will, and upon that depends the question, whether there shall be a grant of probate, that is, a grant of letters testamentary to the executors nominated, if they be the'persons propounding the instrument, or grant of administration, cum testamento annexo, to the persons entitled thereto in default of executors. These appellees are joint applicants to the Court for the grant of its authority. The next of kin, who are the appellants, resist-the grant; if the contest has been properly conducted, the result, affecting the personalty only, will be conclusive upon all the world. Yet there are in this case (and more plainly there may be in other cases of this kind) persons not parties before the Court, who have interests that they would not willingly submit to the wishes of either executors or next of kin.
In the cases where executors nominated have been held incompetent to attest wills, the principle of the decision has been that persons, who, at the time of attestation, are subject to such bias as is supposed to proceed from an interest appearing on the face of the instrument attested, are not, within the per-view of the statutes concerning wills, credible witnesses to attest. The death of any such person, between the attestation and the death of the testator, would not give validity to his attestation; and as a nominated executor who died before the testator could not be said ever to have been executor, nor one whose right is contradicted' by the setting aside of the instrument under which he claimed, so should not one whose title is yet sub judice. It is said that there has been in this case grant of ,probate after proof in common form; but that is of no consequence, for upon the result of the trial of proof in *205 solemn form, will depend the continuance of the character which the appellees have assumed, and have assumed unjustly, if it shall turn out that the' paper propounded is not the will of the testatrix.
I reserve my opinion as to the application to these testamentary causes of the general rules which govern the admissibility of declarations made by a party on the record. If I was required to form an opinion, I would endeavor to examine how far our Acts of Assembly, and decisions concerning the proof of wills, have made the persons nominated as executors of a paper propounded as a will, representatives in Court of all legatees mentioned therein: whether, if made representatives to any extent, the nominated executors are not trustees who would not be permitted to affect injuriously the rights they were appointed to' guard, any more than a nominal plaintiff could so affect equitable interest which a suit was brought to establish: whether these nominated executors could compromise a testamentary cause, withdraw a will from examination, or suppress it; and whether there might or might not be distinctions, founded upon sound principles, between their declarations made at different periods, and also between their declarations and those of other persons who, as distributees or next of kin, might also be parties on the record.
I agree, however, that the admissions of a party who cannot be required to testify, should, when offered by the opposite party, be heard concerning his own acts; and further, that confederacy having been shown, (as I think it was between these appellees,) the admissions of one confederate bind the others. For ought that appears to this Court, the declarations of Stevens, which were excluded, would have amounted to admissions of acts done by himself, or by himself and Sweat, from which fraud, undue influence, or other invalidating matter, would have appeared against the will.
WITHERS and Glover, JJ., concurred.

Motion granted.